Constance GUICE–MILLS, Plaintiff,

v.

Jesse BROWN, Secretary of Veterans Affairs, Defendant.

No. 94 Civ. 2168 (HB).

United States District Court,
S.D. New York.

May 2, 1995.

**1428**

Constance Guice–Mills, Croton-on-Hudson, NY, plaintiff, pro se.

Mary Jo White, U.S. Atty. for S.D.N.Y., New York City (Edward Scarvalone, Asst. U.S. Atty., of counsel), for defendant Jesse Brown, Secretary of the U.S. Dept. of Veterans Affairs.

## OPINION AND ORDER

BAER, District Judge:

Plaintiff Constance Guice–Mills was a nurse at the Montrose, N.Y., hospital of the United States Department of Veterans Affairs (the "VA"). She retired on disability in April or May of 1986. Plaintiff complains of discrimination with respect to race, color,

gender, handicap and age, as well as retaliation for prior complaints. Am.Compl. ¶ 9. The Amended Complaint contains particular allegations only regarding the retaliation claim. Plaintiff alleges that the VA violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq. Her age discrimination claim arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA"). The handicap claim must be countenanced if at all under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. (Rehabilitation Act), since the Americans With Disabilities Act, 42 U.S.C. § 12100 et seq., ("ADA") does not apply to the United States as an employer. See 42 U.S.C. § 12111(5)(B)(i) (excluding the United States from definition of "employer" for purposes of Title I of the ADA); Schafer v. Wadman, 92 Civ. 2989, 1992 WL 350750, *3 (S.D.N.Y. Nov. 17, 1992) (dismissing ADA claim against United States).

Plaintiff alleges four discriminatory actions: the VA's failure to hire her, the termination of her employment, the failure to promote her, and reprisal. While the Amended Complaint contains no details concerning the allegedly discriminatory termination of her employment and failure to promote her, these claims appear to relate to plaintiff's earlier employment with the VA, which ended in 1986 when plaintiff's application for a disability retirement was approved. See Guice–Mills v. Derwinski, 772 F.Supp. 188, 196 (S.D.N.Y.1991) (discussing facts leading up to plaintiff's unsuccessful lawsuit under Rehabilitation Act), aff'd, 967 F.2d 794 (2d Cir.1992), motion to file cert. petition out-of-time denied, —— U.S. ——, 113 S.Ct. 1234, 122 L.Ed.2d 641 (1993).

With respect to the retaliation claim, plaintiff alleges that the chief personnel officer for the Montrose hospital stated on or about June 1, 1992, "that he would not rehire me because I would file another EEO complaint." Am.Compl. ¶ 9; page 3A. The plaintiff states that she learned of this statement in early December, 1992 while reviewing her occupational counselor's file, which allegedly contained an entry noting the statement. Id., Ex. 6 at 2.

Plaintiff filed an administrative complaint of discrimination with the VA on or about December 21, 1992. Am.Compl., Ex. 1. The administrative complaint alleges that the most recent discriminatory event occurred more than six months earlier—on June 1, 1992. *Id.* Ex. 1, § 5. The administrative complaint also states that plaintiff had not discussed her complaint with an EEO counselor. *Id.* Ex. § 8[a]. Plaintiff first contacted an EEO counselor on March 4, 1993.

The defendant moved to dismiss the Amended Complaint for failure to state a claim. Argument was heard on March 16, 1995. The VA contends *inter alia* that the plaintiff failed to exhaust her administrative remedies in a timely manner. For the reasons discussed below, the defendant's motion must be granted.

## DISCUSSION

### A. *Standard for Rule 12(b)(6) Motions*

■ In determining the sufficiency of a *pro se* complaint, it is axiomatic that the court must construe it liberally, applying less stringent standards than when counsel prepared the pleading. *Hughes v. Roe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). When considering any motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Easton v. Sundram,* 947 F.2d 1011, 1014–15 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992).

> The issue [on a motion to dismiss] is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

*Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686. Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Frasier v. General Elec. Co.,* 930 F.2d 1004, 1007 (2d Cir.1991).

### B. *Exhaustion of Administrative Remedies*

Suits against federal agencies under Title VII, the ADEA, and the Rehabilitation Act are governed by regulations promulgated by the United States Equal Employment Opportunity Commission ("EEOC"), the current version of which are set forth at 29 C.F.R. §§ 1614.101 *et seq.* (1993).[1] These regulations establish a comprehensive system to resolve discrimination claims administratively. This administrative mechanism serves two vital purposes: (1) "giv[ing] the administrative agency the opportunity to investigate, mediate and take remedial action," *Stewart v. INS,* 762 F.2d 193, 198 (2d Cir.1985); and (2) "encourag[ing] settlement of discrimination disputes through conciliation and voluntary compliance," *Miller v. Inter. Tel. and Tel. Corp.,* 755 F.2d 20, 26 (2d Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985).

■ In light of these purposes, individuals must exhaust their administrative remedies as a condition to instituting an action under Title VII. *Brown v. Gen. Serv. Admin.,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967–68, 48 L.Ed.2d 402 (1976) ("Initially, the complainant must seek relief in the agency that has allegedly discriminated against him"); *Butts v. City of New York Dep't of Hous.,* 990 F.2d 1397, 1401 (2d Cir.1993). Plaintiffs who assert claims under the ADEA are subject to the same exhaustion requirement where, as here, they avail themselves of administrative remedies. *Wrenn v. Secretary, Dep't of Veterans Affairs,* 918 F.2d 1073, 1078 (2d Cir.1990), *cert. denied,* 499 U.S. 977, 111 S.Ct. 1625, 113 L.Ed.2d 721 (1991); *Castro v. United States,* 775 F.2d 399, 401–02

---

1. The EEOC regulations set forth in 29 C.F.R. Part 1614 did not take effect until October 1, 1992. 57 Fed.Reg. 12634 (Apr. 10, 1992). Thus, the predecessor regulations, set forth in 29 C.F.R. Part 1613, govern administrative proceedings based upon allegedly discriminatory events occurring before October 1, 1992.

(1st Cir.1985). Employment discrimination claims under the Rehabilitation Act are also subject to the exhaustion requirement. *Vinieratos v. U.S. Dep't of Air Force*, 939 F.2d 762, 773 (9th Cir.1991). The EEOC regulation applicable here requires that the complainant notify the agency's EEO counselor within 30 calendar days of the date of the alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that the aggrieved person knew or reasonably should have known of the allegedly discriminatory event or personnel action. 29 C.F.R. § 1613.214(a)(1)(i).

Plaintiff alleges that the most recent discriminatory act occurred on or about June 1, 1992. She says she discovered evidence of that act in her personnel file in early December 1992. She did not seek the required EEO counseling until March 4, 1993. The law requires plaintiffs to contact a counselor within 30 days of the act of discrimination, the date plaintiff should reasonably have known of it or the date plaintiff actually learned of it. Even if it were reasonable for her not to have learned of the VA's discriminatory act until she discovered the allegedly incriminating notation in her personnel file in early December of 1992, this does not render timely her March 4, 1993 effort to seek counselling.

It is beyond peradventure that the plaintiff failed to invoke, let alone exhaust, her remedies in a timely fashion. That failure might seem excusable if this *pro se* plaintiff were not so well versed in the administrative remedies and procedures surrounding discrimination complaints. Plaintiff has asserted that her failure to seek timely EEO counseling should be excused because she was "no longer familiar" with the EEO requirements. Am.Compl. Ex. 18. However, her assertion of ignorance is suspect, in light of her three prior Title VII actions against the VA: *Guice–Mills v. McGeowan*, 81 Civ. 2184, 1985 WL 4417 (S.D.N.Y.); *Guice–Mills v. Ferguson*, 81 Civ. 7012 (S.D.N.Y.); *Guice–Mills v. Robbiano*, 86 Civ. 0034 (S.D.N.Y.). Decisions concerning two of these cases are reported. *Guice–Mills v. McGeowan*, 81 Civ. 2184, 1985 WL 4417 (S.D.N.Y. Dec. 10, 1985) (denying motion to reopen previously settled action); *Guice–Mills v. Derwinski*, 772 F.Supp. 188 (S.D.N.Y.1991) (dismissing Rehabilitation Act claims), *aff'd*, 967 F.2d 794 (2d Cir.1992), *motion to file cert. petition out-of-time denied*, —— U.S. ——, 113 S.Ct. 1234, 122 L.Ed.2d 641 (1993).

I need not reach the defendant's other arguments for dismissal because plaintiff's failure to exhaust her administrative remedies dooms her Amended Complaint even under the most liberal construction. Although plaintiff did not seek permission to replead, in most such cases I would permit a second amended complaint. However, no measure of artful pleading can cure plaintiff's failure to exhaust her administrative remedies. Harsh though it is, the law requires me to uphold the timely exhaustion requirement. A failure to enforce this requirement, which allows agencies to investigate and perhaps resolve discrimination complaints, would further inundate this Court and the entire federal judiciary with such actions.

### CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted and the Amended Complaint is hereby dismissed with prejudice.

**SO ORDERED.**