**Joseph Anthony FAUSTO, Plaintiff,**

v.

**Janet RENO, Attorney General of the United States of America, Defendant.**

**No. 96 Civ. 3872 (PKL).**

United States District Court, S.D. New York.

March 19, 1997.

Joseph Anthony Fausto, Arlington, VA, pro se.

Jeffrey Oestericher, Asst. U.S. Atty., New York City, for Defendant.

## *ORDER*

LEISURE, District Judge:

Plaintiff brought this action *pro se,* under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, alleging that he was discriminated against on the basis of gender when officials of the United States Attorney's Office for the Southern District of New York withdrew his selection for the position of Paralegal Specialist without allowing him to explain derogatory information discovered during a pre-employment background investigation. The Court referred this matter to the Honorable Theodore H. Katz, United States Magistrate Judge, for general pretrial supervision and for preparation of reports and recommendations on dispositive motions. On February 25, 1997, Judge Katz issued a Report and Recommendation (the "Report") recommending that this Court grant defendant's motion for summary judgment.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure, the parties have ten (10) days to file written objections to a report and recommendation after being served with a copy. No objections to the Report have been filed. Furthermore, the Court has reviewed the Report and finds that it is legally correct and proper. The Court therefore adopts the Report in its entirety.

## CONCLUSION

Defendant's motion for summary judgment is HEREBY GRANTED. Plaintiff's complaint is dismissed with prejudice.

**SO ORDERED.**

## REPORT AND RECOMMENDATION

KATZ, United States Magistrate Judge.

Plaintiff Joseph Anthony Fausto brought this action *pro se*, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended. In his Complaint, plaintiff alleges that he was discriminated against on the basis of gender when officials of the United States Attorney's Office for the Southern District of New York withdrew his selection for the position of Paralegal Specialist without affording him an opportunity to explain derogatory information discovered during a pre-employment background investigation. Specifically, he alleges that officials of the United States Attorney's Office, in violation of Department of Justice Order 2610.2A, denied him an opportunity to explain or refute information that had been secured in the course of his background investigation that caused them to withdraw their offer of employment. He alleges that he was subject to disparate treatment on the basis of his gender because a female applicant who subsequently applied for the same position was notified of questionable information that had been discovered in the course of her background investigation, and was given an opportunity to explain or refute that information. He further contends that her application for employment was given support even though she admitted use of controlled substances. See Complaint, dated April 9, 1996 ("Compl."), at ¶¶ 8 & 9.

The action was referred to me for general pretrial supervision and reports and recommendations on dispositive motions. Presently before the Court is defendant Janet Reno's motion to dismiss the Complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. Plaintiff has submitted no opposition to the motion. For the reasons that follow, I recommend that defendant's motion be granted and that this action be dismissed with prejudice.

### DISCUSSION

#### I. Summary Judgment Standard

In lieu of answering the Complaint, defendant moved to dismiss or, in the alternative, for summary judgment. Because defendant submitted materials outside the pleadings, including an affidavit and various exhibits, plaintiff was specifically advised that the motion would be treated as one for summary judgment and of the requirements for responsive papers pursuant to Fed.R.Civ.P. 56 and Civil Rule 3(g) of this Court. *See* letter to Joseph Anthony Fausto, dated December 4, 1996. Accordingly, the motion may be decided under the standards set forth in Rule 56 of the Federal Rules of Civil Procedure. *See Grabois v. Jones,* 89 F.3d 97, 99 n. 3 (2d Cir.1996); *Champion v. Artuz,* 76 F.3d 483, 486 (2d Cir.1996).

Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Aldrich v. Randolph Cent. Sch. Dist.,* 963 F.2d 520, 523 (2d Cir.), *cert. denied,* 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). While the Court must draw all reasonable inferences against the moving party in assessing whether a genuine issue of fact exists, the party opposing the motion may not simply rest on the allegations in its pleadings, but must present "specific facts," based upon personal knowledge or otherwise admissible in evidence, showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Gnazzo v. G.D. Searle & Co.,* 973 F.2d 136, 138 (2d Cir.1992). In deciding the motion, the Court may consider only that evidence that would be admissible at trial. *Azrielli v. Cohen Law Offices,* 21 F.3d 512, 517 (2d Cir.1994); *Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 53 (2d Cir.1993); *International Knitwear Co. v. M/V Zim Canada,* No. 92 Civ. 7508(PKL), 1996 WL 169360, at *1 (S.D.N.Y. Apr.11, 1996).

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when] he is ruling on a motion for summary judgment." *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513. In ruling on a motion for summary judgment, a

> judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fairminded [trier of fact] could return a verdict for the [non-movant] on the evidence presented. The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the [non-movant].

*The Sports Authority, Inc. v. Prime Hospitality Corp.,* 89 F.3d 955, 960 (2d Cir.1996) (citing *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial,' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)), and summary judgment is appropriate.

The requirements of Rule 56(e) and the principles underlying the shifting of burdens on a motion for summary judgment dovetail with the provisions of Civil Rule 3(g) of this Court. Rule 3(g) requires a party moving for summary judgment to submit a short, concise statement of those facts as to which it contends there is no genuine issue to be tried. Unless the party opposing the motion submits a responsive statement setting forth the facts as to which there is a genuine issue to be tried, all of the facts set forth in the moving party's 3(g) Statement will be deemed admitted. *Zahorik v. Cornell Univ.,* 729 F.2d 85, 91 (2d Cir.1984); *Goldberg v. Colonial Metal Spinning & Stamping Co.,* No. 92 Civ. 3721(JFK), 1994 WL 510037, at *1 (S.D.N.Y. Sept.16, 1994).

Plaintiff has not responded in any fashion to the instant motion. Thus, he does not contend that material facts are in dispute, and the only question for the Court to determine is whether, on the record before the Court, defendant is entitled to judgment as a matter of law. *See Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 884, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990); *Champion,* 76 F.3d at 486.

## II. Failure to Timely Exhaust Administrative Remedies

### A. Factual Background

 Defendant argues that this action must be dismissed because plaintiff failed to exhaust his administrative remedies in a timely fashion. The following facts relevant to this defense are not in dispute.

On or about February 23, 1988, plaintiff was interviewed by the United States Attorney's Office for the Southern District of New York ("U.S. Attorney's Office") for the position of Paralegal Specialist. Approximately one month later, on or about March 22, 1988, Peter M. Tinker, Chief of the Personnel Unit for the U.S. Attorney's Office, sent plaintiff a letter congratulating him on his conditional selection, but advising him that his final selection was contingent on his satisfactory completion of a background investigation. In that regard, Mr. Tinker forwarded a number of security forms to plaintiff and provided instructions for his submission of fingerprint cards. *See* Declaration of Jeffrey Oestericher, executed on November 25, 1996 ("Oestericher Decl."), Ex. A & Ex. E at ¶ 7(a). All applicants for the position of Paralegal Specialist were required to pass a full background investigation by the Federal Bureau of Investigation before being appointed. Under certain circumstances, however, it was possible to request a waiver of the completion of the full background investigation to allow the applicant to begin work after successful completion of only a preliminary background check. *See* Defendant's Statement Pursuant to Rule 3(g) ("Def.'s Rule 3(g) Statement") at ¶ 3; Department of Justice Order ("DOJ Order") 2610.2, dated August 18, 1978, at ¶¶ 7 & 9, Oestericher Decl. Ex. E.

On or about April 8, 1988, plaintiff learned that his selection for appointment to the position of Paralegal Specialist was being withdrawn because of derogatory information developed during his background investigation. Compl. at ¶ 5; Def.'s 3(g) Statement at ¶ 4; Oestericher Decl., Ex. C at 1. Plaintiff alleges that this action was taken without affording him due process in the form of an opportunity to explain or refute the derogatory information, as he alleges was required under DOJ Order 2610.2A. Oestericher Decl., Ex. C at 1; Compl. at ¶ 8. Plaintiff was never hired by the U.S. Attorney's Office.

During 1992, plaintiff allegedly learned that a female applicant for the position of Paralegal Specialist at the U.S. Attorney's Office was treated differently by successors to the alleged discriminators in his case, by being afforded an opportunity to explain derogatory information developed during her pre-employment background investigation before her selection for appointment was withdrawn. Plaintiff alleges that despite the fact that the female applicant's waiver investigation turned up information on substance abuse and "questionable associations," she was still supported in her application for employment and was not subjected to a full field background investigation by the FBI. Compl. at ¶ 8; Def.'s 3(g) Statement at ¶ 6; Oestericher Decl., Ex. B at ¶ 7 and Ex. C at 2. Plaintiff acknowledges, however, that the female applicant, like himself, was never hired by the U.S. Attorney's Office, and was notified of that fact in July of 1991. Def.'s Rule 3(g) Statement at ¶ 7; Oestericher Decl., Ex. B at ¶ 7 and Ex. C at 2.

On or about June 29, 1992, plaintiff contacted a counselor in the Justice Department's Office of Equal Employment Opportunity ("EEO") with regard to the allegedly discriminatory manner in which his application for employment was handled by the U.S. Attorney's Office. Def.'s 3(g) Statement at ¶ 8. Unable to resolve the matter informally, on or about July 23, 1992, plaintiff filed formal complaints of discrimination against the U.S. Attorney's Office, the Executive Office for United States Attorneys, the Security and Emergency Planning Staff, Justice Management Division, and the FBI. Id. at ¶ 9;

Oestericher Decl., Ex. B. Plaintiff asserted that because of his gender, officials from the aforementioned agencies failed or refused to follow the provisions of DOJ Order 2610.2 when they denied him the opportunity to refute or explain derogatory information discovered during his pre-employment background investigation. Id. By letter dated February 17, 1993, plaintiff amended his complaints of discrimination, eliminating a claim of retaliation, and specifically identifying Assistant United States Attorney Randy Mastro as the individual who discriminated against him when, on April 8, 1988, he withdrew plaintiff's selection for the position of Paralegal Specialist. Oestericher Decl., Ex. C.

On or about February 27, 1996, Ted McBurrows, Director of the EEO Staff, issued a final agency decision dismissing plaintiff's complaint for failure to timely bring the allegedly discriminatory event to the attention of the EEO staff. See Compl., Attachment 1. Specifically, Mr. McBurrows noted that the applicable federal regulations required a complainant to bring the matter causing him to believe that he was discriminated against to the attention of the EEO within thirty calendar days of the alleged discriminatory event. Here, plaintiff alleged that the event occurred on April 8, 1988, but he admittedly did not contact the EEO until June of 1992, over four years later. Id. at 1. Mr. McBurrows went on to advise plaintiff that his complaint must be dismissed unless the agency found cause to extend the time limit pursuant to 29 C.F.R. § 1613.214(a)(4). Id. at 2. Mr. McBurrows then reviewed plaintiff's explanation for his failure to timely contact the EEO—that plaintiff had not learned until 1992 that the U.S. Attorney's Office had processed a female applicant's security clearance differently than his—and determined that plaintiff's explanation was not sufficient to excuse his untimely filing of his complaint. Accordingly, the complaint was dismissed. Id. Plaintiff commenced this action on or about April 15, 1996.

### B. Applicable Law

■ Section 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e–16, provides a judicial remedy for those alleging discrimination in employment by the federal government. It creates "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. General Servs. Admin.*, 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976). As a condition to bringing suit against the federal government, the statute requires that an aggrieved person first exhaust his or her administrative remedies, as set forth in applicable regulations. *Id.*, 425 U.S. at 832, 96 S.Ct. at 1967; *Stewart v. United States Immigration and Naturalization Serv.*, 762 F.2d 193, 197–98 (2d Cir.1985); *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir.1992); *Dillard v. Runyon*, 928 F.Supp. 1316, 1322 (S.D.N.Y.1996); *Guice–Mills v. Brown*, 882 F.Supp. 1427, 1429 (S.D.N.Y.1995); *Johnson v. Frank*, 828 F.Supp. 1143, 1149 (S.D.N.Y.1993).

Under the regulations in effect at the time of the discriminatory conduct alleged in this case, a complainant was required first to seek relief in the agency that discriminated against him, by consulting the agency's EEO counselor within thirty calendar days of the date of the alleged discriminatory act, the effective date of an alleged discriminatory personnel action, or the date the aggrieved person knew or reasonably should have known of the discriminatory action. 29 C.F.R. § 1613.214(a)(1)(i).[1] If, after a mandatory counseling period the matter had not been resolved informally, the claimant was required to file a formal written complaint with the agency within a specified period of time. *Id.*, §§ 1613.213(a), 1613.214(a)(ii). However, if the complainant failed to contact an EEO counselor within the prescribed thirty-day period, the agency was required to dismiss the written complaint unless it found cause to extend the time limit in accordance with 29 C.F.R. § 1613.214(a)(4).[2] Although courts have disagreed as to whether the regulatory filing deadlines are jurisdictional or operate as statutes of limitations, there is no disagreement that failure to notify the agency's EEO counselor in a timely fashion will bar a claim, absent a defense of waiver, estoppel, or equitable tolling. *See Pacheco*, 966 F.2d at 905; *Benford v. Frank*, 943 F.2d 609, 611, 612 (6th Cir.1991) (although thirty-day period for bringing a complaint to the attention of an EEO counselor is not jurisdictional, it is a prerequisite to bringing an action under Title VII); *Dillard*, 928 F.Supp. at 1325 ("If a claimant has not met the [administrative] filing requirements, either directly or with the aid of equitable tolling, there is no waiver of sovereign immunity, and accordingly, no subject matter jurisdiction."); *Wojik v. Postmaster Gen.*, 814 F.Supp. 8, 8 (S.D.N.Y.1993) ("Time limits such as that involved here are not jurisdictional, but instead are treated as are statutes of limitations."); *Machado v. Frank*, 767 F.Supp. 416, 419–21 (D.R.I.1991); *cf. Morales v. United States*, 38 F.3d 659, 660 (2d Cir.1994) ("A claimant is not entitled to bring suit against the government without first having complied with all statutory and regulatory prerequisites to such a suit."). As the Supreme Court has noted

> § 717 does not contemplate merely judicial relief. Rather, it provides for a careful blend of administrative and judicial enforcement powers .... § 717, with its rigorous administrative exhaustion requirements and time limitations, would be driven out of currency were immediate access to the courts under other, less demanding statutes permissible.

*Brown*, 425 U.S. at 833, 96 S.Ct. at 1968.

The administrative exhaustion requirement serves two vital purposes: "to give the administrative agency the opportunity to investigate, mediate, and take remedial action," *Stewart*, 762 F.2d at 198, and to encourage settlement of discrimination disputes through conciliation and voluntary

---

**1.** These regulations were subsequently amended to permit forty-five days to seek EEO counseling within the relevant agency. *See* 29 C.F.R. § 1614.105(a)(1).

**2.** The regulations provide that

the agency shall extend the time limits in this section when the complainant shows that he/ she was not otherwise aware of them, was prevented by circumstances beyond the complainant's control from submitting the matter within the time limits, or for other reasons considered sufficient by the agency.

29 C.F.R. § 1613.214(a)(4).

compliance. *Miller v. International Tel. and Tel. Corp.*, 755 F.2d 20, 26 (2d Cir.), *cert. denied*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). *See also Guice–Mills*, 882 F.Supp. at 1429.

### C. Application of Law to Facts

The unrefuted record in this action makes clear that plaintiff failed to contact an EEO counselor at the Justice Department until approximately four years after the personnel action he alleges to be discriminatory. He was interviewed for the position at issue in February 1988; was preliminarily selected for the position, subject to investigation, in March 1988; and in April, and certainly no later than December 1988, learned that his selection for the position of Paralegal Specialist was being withdrawn. *see* Def.'s Rule 3(g) Statement ¶ 4, which is unrefuted ("During 1988, plaintiff learned that his selection for appointment to the position of Paralegal Specialist was being withdrawn ... "); Compl. at ¶ 5 (discriminatory acts occurred on April–December 1988); Oestericher Decl., Ex. C, Plaintiff's Amended Administrative Complaint, dated February 17, 1993 ("The primary allegation is as follows: Whether the complainant (male) was subjected to disparate treatment discrimination on the basis of sex when, on April 8, 1988, former Assistant United States Attorney ... Randy M. Mastro *de facto* withdrew the complainant's selection for appointment to the critical-sensitive position of Paralegal Specialist ... by suggesting that the complainant withdraw his application...."). Nevertheless, he did not contact an EEO counselor with regard to how his application was handled until June 29, 1992, and he did not file a formal complaint with the U.S. Attorney's Office until on or about July 23, 1992. *See* Def.'s 3(g) Statement ¶¶ 8–9; Oestericher Decl. Ex. B. Thus, plaintiff did not come even close to the thirty-day deadline for seeking administrative assistance.

Plaintiff has also neither argued nor demonstrated that grounds exist for extending the time period set forth in the regulations.

He has not contended that he was unaware of the time limits for initiating contact with the EEO counselor, nor would any such contention be plausible in view of his extensive Title VII litigation experience. *See* Oestericher Decl., Ex. D (listing citations of reported cases in which plaintiff has been a party); *Guice–Mills*, 882 F.Supp. at 1430 (plaintiff's assertion of ignorance of EEO filing requirements deemed suspect in light of her three prior Title VII actions); *Johnson*, 828 F.Supp. at 1149 (where plaintiff failed to show that he was unaware of deadlines or was prevented from filing a timely complaint, there is no basis for an extension of the regulatory deadlines and failure to invoke EEO remedies bars judicial relief); *Wojik*, 814 F.Supp. at 9 (plaintiff's failure to explain lengthy delay in seeking administrative relief or to show that information on deadlines was unknown or unavailable, results in dismissal of action).

▇ Although defendant anticipated that plaintiff might claim that his failure to seek timely administrative relief should be excused because he did not become aware of defendant's discriminatory conduct, i.e., the different manner in which a female applicant was purportedly treated by the U.S. Attorney's Office, until June of 1992, plaintiff has not raised such an argument in opposition to the motion.[3] In any event, any such argument would be of no avail. The law is clear that the tolling exception contained in 29 C.F.R. § 1613.214(a)(4) does not apply where, as here, the complainant was aware of the adverse employment action taken against him, but was arguably unaware, until a later time, of any discriminatory animus that may have motivated the action. Once an adverse employment action is taken against a complainant, "a plaintiff is on notice and has an obligation to investigate further in order to safeguard his rights." *Machado*, 767 F.Supp. at 420. The time period for contacting the EEO counselor begins to run from the date of the discrete employment action alleged to be discriminatory, not from the date of discovery of improper motivation.

---

**3.** In his formal administrative complaint, filed in 1992, plaintiff contended that June 23, 1992 was the date on which he became aware that he was treated differently than the female job applicant, as the result of his receipt, pursuant to a Freedom of Information Law request, of the female applicant's administrative record. *See* Oestericher Decl., Ex. B at ¶ 5.

*See, e.g., Roepsch v. Bentsen,* 846 F.Supp. 1363, 1369 (E.D.Wis.1994) ("The plain language of the regulation does not permit the complainant to delay until he realizes or knows that the personnel action or event was discriminatory. Rather, the clock begins to run when the complainant knows or reasonably should have known of the 'event' or 'personnel action' which gave rise to the discrimination."); *Pacheco,* 966 F.2d at 906–07; *Machado,* 767 F.Supp. at 419–20 (plaintiff's lack of knowledge of how other employees had been treated, giving reason to suspect discriminatory motive, is not a legitimate basis to excuse untimely filing of administrative complaint) *cf. Miller,* 755 F.2d at 24 (under ADEA, time periods for commencing EEOC action "commence upon the employer's commission of the discriminatory act and are not tolled or delayed pending the employee's realization that the conduct was discriminatory unless the employee was actively mislead by his employer, he was prevented in some extraordinary way from exercising his rights, or he asserted his rights in the wrong forum . . . .").

The Fifth Circuit's decision in the *Pacheco* case is of particular relevance, since the procedural facts there were strikingly similar to those in the instant case. In *Pacheco,* the plaintiff, a male Hispanic employee of the United States Air Force, resigned from his job in July 1985 upon being informed by his supervisors that he was going to be fired based on their investigation of allegations of improper conduct. Three years later, Pacheco discovered that a similarly situated non-Hispanic employee, who had been accused of similar misbehavior, had been investigated under different procedures and ultimately was not discharged. Within thirty days of that discovery, Pacheco filed an informal administrative complaint of race discrimination and subsequently filed a formal complaint and Title VII court action. *Pacheco,* 966 F.2d at 905. The Fifth Circuit rejected Pacheco's argument that his administrative

complaint was timely because he was unable to perceive that the treatment he had received was discriminatory until he later learned of another employee's disparate treatment. It held that the doctrine of equitable tolling

> does not permit plaintiffs to suspend the time for filing discrimination complaints indefinitely when they discover instances of treatment of other employees months or years after their discharge. It is to be expected that some relevant facts will come to light after the date of the employee's termination—one purpose of filing an administrative complaint is to uncover them. The requirement of diligent inquiry imposes an affirmative duty on the potential plaintiff to proceed with a reasonable investigation in response to an adverse event.

*Pacheco,* 966 F.2d at 907 (citations omitted). Accordingly, the court found that the thirty-day period for seeking EEO assistance began to run from the date in 1985 when Pacheco knew that he was going to be fired, and concluded that because he delayed three years in filing an EEO complaint, he was barred from bringing his action in federal court.

In the instant case, as in *Pacheco,* plaintiff knew as of April of 1988 that his selection for the position of Paralegal Specialist had been withdrawn. The Department of Justice therefore correctly concluded that his four-year delay in filing an administrative complaint could not be justified on the ground that he discovered that a female applicant who applied for the same position three years later was treated somewhat differently. *See* Compl., Attachment 1. Similarly, plaintiff's four-year delay in contacting an EEO counselor bars him from bringing this action.[4]

### CONCLUSION

For the foregoing reasons, I respectfully recommend that defendant's motion for sum-

---

4. Because plaintiff's action is clearly barred by his failure to exhaust his administrative remedies in a timely fashion—a conclusion that plaintiff has not disputed—there is no reason to reach a conclusion on defendant's additional argument that the Complaint fails to state a claim upon which relief may be granted. *See* Defendant's Memorandum of Law In Support of Her Motion

to Dismiss the Complaint, or, In the Alternative, for Summary Judgment, dated November 25, 1996, at Point II. I would only note that defendant's contention that the Complaint fails to state a *prima facie* case of discrimination, appears to have merit inasmuch as: (1) plaintiff does not dispute, and the applicable regulations make clear, that clearance of an FBI background in-

mary judgment be granted and the complaint be dismissed with prejudice. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Peter K. Leisure, U.S.D.J., and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Leisure. Objections that are not filed on time will be waived for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989).

vestigation, at which plaintiff did not succeed, was a legitimate, non-discriminatory criterion for employment; and, (2) the female applicant with whom plaintiff compares himself, applied for the position at a time when a different DOJ regulation was in effect, which gave the job-applicant the *right* to contest any negative information discovered in the background investigation. *Compare* Oestericher Decl., Ex. E at ¶ 15 *with* Ex. F at ¶ 16. Having failed to pass the background investigation, plaintiff cannot demonstrate that he was qualified for the position that he sought. Further, there is no evidence that his rejection was motivated by discriminatory animus since the background investigation was a legitimate job criterion and the female applicant he compares himself to, who also did not receive the position, was not similarly situated since she was subject to different procedural regulations than those applicable to plaintiff.