**Francis X. DOWNEY, Plaintiff–Appellant,**

v.

**Marvin T. RUNYON, Jr., Postmaster General, Defendant–Appellee.**

**Docket No. 97–6239.**

United States Court of Appeals, Second Circuit.

Argued Sept. 14, 1998.

Decided Nov. 13, 1998.

Order on Rehearing Jan. 26, 1999.

**140**

Francis X. Downey, Buffalo, NY, Plaintiff–Appellant Pro Se.

Janet E. Smith, Attorney, United States Postal Service, Washington, D.C. (R. Andrew German, Managing Counsel, United States Postal Service, Washington, D.C., Patrick H. NeMoyer, United States Attorney for the Western District of New York, Buffalo, New York, Mary E. Fleming, Assistant United States Attorney, Buffalo, New York), for Defendant–Appellee.

Before: KEARSE, Circuit Judge, POLLACK* and CASEY,** District Judges.***

Pollack, Senior District Judge:

### PRELIMINARY

Plaintiff, an employee of the United States Postal Service ("USPS"), having asserted an employment claim involving discrimination on the basis of disability, brought a "mixed appeal" before the Merit Systems Protection Board ("MSPB"), which dismissed the appeal for untimeliness. After the Equal Employment Opportunity Commission ("EEOC") denied jurisdiction and determined not to review the MSPB's decision, plaintiff brought suit in the district court on his discrimination claim. Held, the district court has statutory jurisdiction, pursuant to the Civil Service Reform Act, the Rehabilitation Act, and Title VII of the Civil Rights Act of 1964, to exercise a de novo review of plaintiff's discrimination claim.

### BACKGROUND

The plaintiff Francis X. Downey was a preference eligible employee who worked for the Postal Service as a Mail Handler in the Buffalo Processing & Distribution Center in Buffalo, New York.

On December 19, 1991, Mr. Downey was placed in an off-duty, non-pay status due to improper conduct in the workplace on December 15, 1991. The Postal Service issued plaintiff a Notice of Proposed Removal on December 20, 1991 charging him with conduct unbecoming a postal employee based on his abusive and threatening behavior to his supervisor and others. On December 20, 1991, Downey and his Union representative met with a Post Office representative to discuss the complaint against him. The matters were discussed again at further meetings.

* Honorable Milton Pollack, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

** Honorable Richard Conway Casey, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

*** Pursuant to 28 U.S.C. § 46(b) and an order of the chief judge of this Court certifying a judicial emergency, this case was heard by an emergency panel consisting of one judge from this court and two judges of the United States District Court sitting by designation.

On January 24, 1992, the Postal Service determined that the charges were fully supported by evidence and warranted removal from the Postal Service effective February 3, 1992. The Postal Service issued plaintiff a Letter of Decision, upholding the removal and advising him of his appeal rights to the MSPB and of the grievance procedure. He was notified that the right to appeal must be exercised within 20 calendar days and of his right to request a hearing and was given an appeal form and a copy of the MSPB regulations. Plaintiff opted to challenge his removal through the grievance procedure under Article 15 of the Collective Bargaining Agreement between the United States Postal Service and the National Postal Mail Handlers Union.

Article 15 of the National Agreement sets forth the grievance-arbitration procedure for employees of the bargaining unit represented by the National Postal Mail Handlers Union, such as plaintiff. This procedure consists of four steps, culminating in final and binding arbitration.

A resolution was achieved through the grievance process. Plaintiff, his representative, and the Postal Service's representative signed a Last Chance Agreement dated February 18, 1992.

Stipulation number 3 of that Agreement states:

> The grievant agrees to actively participate in the Employee Assistance Program ("EAP") and agrees to enroll in an approved in-patient substance abuse program. Upon satisfactory completion of this in-patient substance abuse program, the grievant will provide satisfactory documentary evidence of his successful completion of the program to Postal Management. The grievant further agrees to fully cooperate and participate in their program until such time as the EAP professionals determine that such participation is no longer necessary.

Stipulation number 8 of the Agreement states:

> Should the grievant fail to abide by this Last Chance Agreement, ... the original removal first issued on December 20, 1991 will be invoked, and the grievant will have no right of appeal to any forum, including but not limited to, the grievance/arbitration procedure, the Merit Systems Protection Board, the Equal Employment Opportunity Commission, or appeal to any other forum. The removal imposition will be effected within 48 hours of the Grievance's written notice of imposition.

Following the execution of the Last Chance Agreement, the Postal Service returned Downey to work.

On March 24, 1992, he signed an Employee Assistance Program ("EAP") participation agreement requiring that he attend at least two meetings per week of Alcoholic Anonymous or Narcotics Anonymous and provide documentation of his attendance to the EAP office. He agreed to participate in the Beacon Center out-patient program. He went to the Beacon Center only once. He agreed to sending a monthly report of participation in the program. The first such report indicated he was not participating to an acceptable level.

In September of 1992 the EAP was notified that plaintiff had been dropped from the program for non-attendance. The letter indicated that plaintiff had last attended a meeting on September 10, 1992. Accordingly, EAP's next report to Labor Relations on October 10, 1992 indicated that plaintiff was not in compliance with his EAP agreement.

On October 30, 1992, a supervisor issued a notice to plaintiff reimposing the prior removal, based on his violation of his Last Chance Agreement. The effective date of that action was November 2, 1992. Plaintiff challenged the removal action through the grievance procedure. An Arbitration hearing was held on June 3, 1993 before an Arbitrator. On July 7, 1993, the Arbitrator issued his decision upholding the termination.

The Arbitrator's award held that the agency did not violate the National Agreement when it implemented the terms of the Last Chance Agreement and terminated appellant. It was this award that sealed Downey's removal date as of October 1992.

The Civil Service Reform Act ("CSRA") provides two paths toward redress for postal service employees who allege that an adverse employment action was wholly or partly

based on prohibited discrimination. CSRA provides that aggrieved employees may either bring a "mixed complaint" before the postal service's Equal Employment Office ("EEO"), or a "mixed appeal" before the MSPB. *See* 5 U.S.C. § 7702(a)(1) & (2); 29 C.F.R. § 1614.302(a)(1) (defining mixed case complaint); 29 C.F.R. § 1614.302(a)(2) (defining mixed appeal). An appeal is "mixed" if the aggrieved postal worker alleges that an action by an employer to the MSPB was effected, wholly or in part, because of employment discrimination based on race, color, religion, sex, national origin, age, or handicap. *See* 5 U.S.C. § 7702(a)(1); 29 C.F.R. § 1614.302(a)(2). Mixed complaints are filed and processed in similar fashion to standard Title VII/Rehabilitation Act complaints, with a few notable exceptions. *See* 29 C.F.R. § 1614.302(d). Significantly, an appeal from an EEO determination of a mixed complaint must be made before the MSPB, rather than the EEOC. C.F.R. § 1614.302(d)(3). Thus, an aggrieved employee may bring a "mixed appeal" before the MSPB in two ways: as a direct appeal of an adverse employment action, or as an appeal of an EEO determination of a mixed complaint. 5 U.S.C. § 7702(a)(3); 29 C.F.R. § 1614.302(b); 5 C.F.R. § 1201.151.

On May 22, 1995, Downey filed an appeal with the MSPB challenging his 1992 termination from the Postal Service. In his appeal he alleged as affirmative defenses to the removal action, discrimination based on physical disability (Hemochromatosis) as well as prohibited personnel practices. Among his defenses, he wrote "Having me sign a Last Chance Agreement while I was under the influence. Also imposing punishment while I was on sick leave. I was denied due process and my rights as a preference eligible veteran and discriminated because of disability." He stated that he believed the action he was appealing violated the Americans With Disabilities Act and the Freedom of Information Act. Because appellant's petition was untimely filed, he was ordered, within 15 days to show good cause for a waiver of the regulatory time limit by acknowledgment order of May 24, 1995. He filed an amended appeal on June 10, 1995.

Appellant alleged that he was not afforded a copy of the MSPB's regulations and that he was under the influence of drugs when he signed the Last Chance Agreement. The record shows that appellant was again informed of his notice of removal of January 24, 1992 which incorporated his Board appeal rights in the Removal Imposition Letter of October 30, 1992. Downey had been represented at the Arbitration by an attorney and he and his attorney made a choice of forum, namely, Arbitration, and his hearing was held on June 3, 1993. At the Arbitration, appellant never contested his capacity to enter into a Last Chance Agreement but only his ability to carry out its terms.

On June 20, 1995, Judge William J. Lee of the MSPB issued an Initial Decision on plaintiff's appeal. Administrative Judge Lee dismissed Downey's appeal as untimely; he had failed to file with the Board within the regulatory time period. The Administrative Judge noted that the Board's regulations allowed 25 days to file a request for a review from an Arbitrator's decision. 5 C.F.R. § 1201.154(d) (1993). He also noted that the 30th day for appellant to file was August 6, 1993. Downey's envelope to the Board is post-marked May 19, 1995, nearly two years later.

Administrative Judge Lee noted that an Administrative Judge may waive the time limit in an individual case for good cause, 5 C.F.R. § 1201.12 (1993). However, an appellant bears the burden of proof on the issue of timeliness. Administrative Judge Lee reasoned that Downey, by waiting two years in excess of the regulatory time period in which to file his appeal, demonstrated lack of due diligence and ordinary prudence by his delay. The Administrative Judge held that Downey failed to show any circumstances beyond his control which affected his ability to comply with the regulatory time limit. Accordingly, no good reason having been demonstrated which would warrant a waiver of the regulatory time period, the Administrative Judge granted the USPS's motion and dismissed the appeal.

The Administrative Judge's Decision advised plaintiff of his right to file a petition for review of the Initial Decision with the MSPB in Washington, D.C., or to petition the U.S. Court of Appeals for the Federal Circuit within 30 days of July 25, 1995, the date on which the decision became final, unless the Board reopened the case on its own motion. Thus, Downey was notified that he might request full Board review of this initial decision by filing a petition for review. He was

instructed how, where and when he should petition for review. He was also instructed that if he was dissatisfied with the Board's final decision, he might file a petition with the United States Court of Appeals for the Federal Circuit. He was instructed that "[t]o be timely, your petition must be received by the Court no later than 30 calendar days after the date this initial decision becomes final."

Plaintiff then filed an appeal with the Full Board, which issued a decision on September 12, 1995, denying his petition for review. The Board's Order advised plaintiff of the right to request review of the Board's final decision in the United States Court of Appeals for the Federal Circuit within 30 calendar days of receipt of the Order.

On September 23, 1995 instead of proceeding in the Federal Circuit, plaintiff submitted a request to the EEOC to review the final decision of the MSPB on his allegations of discrimination "i.e. denial of reasonable accommodation under the Americans with Disabilities Act," 42 U.S.C. § 12101 et seq. On November 14, 1995, the EEOC issued a Denial of Consideration.

The decision of the EEOC stated, that since the MSPB's decision went to the timeliness of Downey's appeal with the MSPB and not to the affirmative defense of discrimination, the EEOC did not have jurisdiction over Downey's petition and accordingly the EEOC denied his petition for review. The decision of the EEOC stated that its determination was final and that there was no further right of administrative appeal. It stated, however, that Downey did have the right to file a civil action in an appropriate United States District Court based on the decision of the MSPB within 30 calendar days of the date of the EEOC decision.

The next action by the plaintiff was his filing of this law suit in the Western District of New York. This suit is asserted against Marvin T. Runyon, Jr., Postmaster General.

### DISCUSSION

The question presented to this Court in this appeal is whether a federal employee is entitled to a de novo judicial review in federal district court of his discrimination claim after the MSPB, without reaching the merits of the discrimination claim, dismisses a "mixed appeal on grounds of untimeliness."

Several unassailable principles expressed in decided cases exist at the threshold of the inquiry, e.g.:

1. An employee aggrieved by an action affecting his continued employment may have recourse by an appeal to the MSPB.

2. An employee who has been affected in his employment by prohibited discrimination may appeal the adverse action complained of to the MSPB.

3. Mixed appeals to the MSPB are those appeals alleging an appealable action affected in whole or in part by prohibited discrimination.

4. Final rulings of the MSPB are appealable to the Federal Circuit Court of Appeals except for decisions made in cases involving elements of illegal discrimination that are judicially reviewable pursuant to §§ 7702(a)(1) & (3) of the CSRA. Federal Courts Improvement Act, 28 U.S.C. § 1295; Civil Service Reform Act, 5 U.S.C. §§ 7702 & 7703(b).

Additionally, case law has produced several principles that are equally unassailable, as follows:

"The decision of the MSPB ... becomes judicially reviewable in district court on the date of its issuance unless, within thirty days, the employee petitions the Equal Opportunity Commission to consider the MSPB decision." *Ballentine v. Merit Systems Protection Board*, 738 F.2d 1244, 1246 (Fed.Cir. 1984); 5 U.S.C. §§ 7702(a)(3)(A) & 7702(b)(1).

"Once a case becomes judicially reviewable, § 7702 and § 7703(b)(2) specify that an action be filed under the appropriate discrimination statute." *Ballentine*, 738 F.2d at 1246.

### I. District Court Jurisdiction Under the Civil Service Reform Act

#### A. Mixed Appeals

■ The Federal Courts Improvement Act of 1982 provides the United States Court of Appeals for the Federal Circuit with exclusive jurisdiction "of an appeal from a final order or final decision of the Merit Systems Protection Board," pursuant to section 7703(b)(1) of the CSRA. 28 U.S.C. § 1295(a)(9). Section 7703(b) provides that

all appeals of final orders and decisions of the MSPB are to be filed in the Federal Circuit, except "[c]ases of discrimination," defined in section 7702, which "shall be filed" in the United States District Courts.[1] *See* 5 U.S.C. § 7703(b)(1) & (2). Section 7702 includes within its purview cases known as "mixed appeals,"[2] of "any employee . . . who has been affected by an action which the employee . . . *may appeal* to the [MSPB] and alleges that a basis for the action was discrimination prohibited" by various federal statutes, including Title VII and § 791 of the Rehabilitation Act.[3] 5 U.S.C. § 7702(a)(1) (emphasis added). The EEOC regulations thus provide that a mixed appeal is "an appeal filed with the MSPB that alleges that an appealable action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age." 5 C.F.R. § 1614.302(b) (1998).

■ An appeal from an MSPB decision concerning a mixed appeal must be a "judicially reviewable action" in order for the United States District Courts to exercise de novo review of the discrimination claim. *See*

§ 7702(a)(3). Although the only express limitations on whether an MSPB decision regarding a mixed claim is to be considered "judicially reviewable" are temporal,[4] the Federal Circuit has supplied to the CSRA an unwritten substantive limitation. Namely, that in order for an MSPB decision concerning a mixed appeal to be considered "judicially reviewable" by the district courts, the MSPB decision must reach the merits of both the appealable action and the discrimination claim. *See Ballentine,* 738 F.2d at 1246–47. The Federal Circuit has stated, "[w]hen an appeal has been taken to the MSPB, until the discrimination issue and the appealable action have been decided on the merits by the MSPB, an appellant is granted no rights to a trial de novo in a civil action under § 7702 or § 7703." *Id.* at 1246–47 (holding that the Federal Circuit has exclusive jurisdiction over MSPB dismissals of mixed appeals on jurisdictional grounds).

The CSRA does not express a requirement that the MSPB shall determine the merits of the discrimination claim in order for the decision to be "judicially reviewable."[5] Subsection (b)(1) of section 7703 provides that the Federal Circuit shall have exclusive jurisdic-

1. The statute provides that suits shall be filed under § 717(c) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c), § 15(c) of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a(c), and § 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 216(b), where applicable. *See* 5 U.S.C. § 7703(b)(2). Disability cases brought pursuant to the Rehabilitation Act are filed under § 717 of the Civil Rights Act of 1964. *See* 29 U.S.C. § 791, 794a(a)(1). The United States District Courts have jurisdiction over cases filed under section 717. *See* 42 U.S.C. § 2000e–16(c); *id.* § 2000e–5(f)(3).

2. *See* 5 C.F.R. § 1614.302(b) (1998).

3. "Mixed appeals" are those appeals brought under § 7702(a)(1)(B), which states,
 (a)(1) Notwithstanding any other provision of law, and except as provided in paragraph (2) of this subsection, in the case of any employee or applicant for employment who—
 (A) has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and
 (B) alleges that a basis for the action was discrimination prohibited by—
 (i) section 717 of the Civil Rights Act of 1964 (42 U.S.C.2000e–16),
 (ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),

 (iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),
 (iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or
 (v) any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph,
 the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures under section 7701 of this title and this section.

4. The statute, 5 U.S.C. § 7702(a)(3), states,
 Any decision of the [MSPB] under paragraph (1) of this subsection shall be a judicially reviewable action as of—
 (A) the date of issuance of the decision if the employee does not file a petition with the [EEOC] under subsection (b)(1) of this subsection, or
 (B) the date the [EEOC] determines not to consider the decision the [MSPB's] decision under subsection (b)(2) of this section.

5. *See* nn. 3 & 4, *supra,* for the relevant subsections of § 7702. 5 U.S.C. § 7703(b)(2), states,
 Cases of discrimination subject to the provisions of section 7702 of this title shall be filed

tion of all final orders and decisions of the MSPB, except as provided in subsection (b)(2). Subsection (b)(2) provides that "[c]ases of discrimination subject to the provisions of section 7702 of this Title *shall be filed* under" the enforcement provisions of Title VII. Section 7702 applies to "the case of any employee ... who has been affected by [an appealable action] ... and alleges that a basis for the action is prohibited discrimination...." There is nothing in any of these sections of the CSRA that suggests that judicially reviewable actions under subsection (a)(3) of section 7702 are limited to decisions on the merits, or that a matter becomes a "[c]ase[ ] of discrimination" under subsection (b)(2) of section 7703 only after a merits decision. This interpretation leaves untouched the statute as enacted: the proper construction is that when the MSPB issues an adverse "final decision" or "final order" concerning a "case" under section 7702(a)(1), the "case of discrimination shall be filed" in district court, as required by Title VII. In the case at bar, Downey may seek de novo review of his discrimination claim in the United States District Courts.[6]

### B. Exhaustion of Administrative Remedies

 Although Downey has the right to seek review in the district court, he is not necessarily entitled ultimately to a determi-

nation of the merits of his claim therein. Prior to bringing suit under the Rehabilitation Act and Title VII, Downey was obliged to exhaust the administrative remedies at his disposal. *See Brown v. General Services Admin.*, 425 U.S. 820, 828–29, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) (Title VII); *Stewart v. INS*, 762 F.2d 193, 197–98 (2d Cir.1985) (Title VII); *McGuinness v. United States Postal Serv.*, 744 F.2d 1318, 1319–20 (7th Cir. 1984) (Title VII and Rehabilitation Act); *Guice–Mills v. Brown*, 882 F.Supp. 1427, 1429–30 (S.D.N.Y.1995). The exhaustion doctrine is equally applicable to suits filed under Title VII through the provisions of the CSRA. *See, e.g., McAdams v. Reno*, 64 F.3d 1137, 1142 (8th Cir.1995) (holding that where a plaintiff elects to proceed with a mixed case appeal before the MSPB, she may not abandon that appeal prior to receiving a final decision). Had plaintiff filed his suit directly under Title VII and the Rehabilitation Act, he would have been required to follow EEOC regulations, which require that an employee contact a Postal Service Equal Employment Office Counselor within 45 days of the alleged discriminatory personnel action. *See* 29 C.F.R. § 1614.105(a)(2).[7] "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385,

---

6. Under the Federal Circuit view of what constitutes "judicially reviewable action," Downey could pursue his discrimination claim in the district court. The Federal Circuit's reading of § 7702(a)(3) espouses that an MSPB determination of untimeliness is not "judicially reviewable" by the district courts. *See Ballentine*, 738 F.2d at

under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C.2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

§ 7703(c) states,
... [I]n the case of discrimination brought under any section referred to in subsection (b)(2) of this section, the employee or applicant shall have the right to have the facts subject to trial de novo by the reviewing court.

7. If the complaint is not resolved through counseling, the employee must file a complaint with the Postal Service. *See* 29 C.F.R. § 1614.106. After the Postal Service EEO issues a final decision, or if the Postal Service fails to issue a final decision within 180 days, the employee can either appeal the final decision to the EEOC, or bring suit in federal district court. *See* 29 C.F.R. § 1614.408.

1246. Subsection (e)(1) of section 7702 states that "[n]otwithstanding any other provision of law, if at any time after ... the 120th day following the filing of an appeal with the [MSPB] ... there is *no judicially reviewable action* ... an employee *shall be entitled* to file a civil action to the same extent and in the same manner as provided" in Title VII of the Civil Rights Act of 1964. 5 U.S.C. § 7702(e)(1) (emphasis added). Downey would have acquired the right to sue in the district court 120 days after he filed his appeal with the MSPB. A suit under § 7702(e) is a direct discrimination suit under Title VII and the Rehabilitation Act, rather than an appeal of an MSPB determination subject to de novo review under § 7702(a) and § 7703.

393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Section 7702 of the CSRA was intended to preserve the rights of plaintiffs to sue under Title VII in the district courts. *See* H. Conf. R. No. 95–1717, 95th Cong., 139 (1978), *reprinted in* 4 U.S.C.C.A.N. at 2872. It remains to be determined in the district court whether the regulatory time limits for filing suit before the MSPB will be disregarded in Downey's case.

### CONCLUSION

We have concluded that, as expressed, the plain meaning of the CSRA entitled Downey to seek de novo review of a discrimination claim in federal district court after the MSPB dismissed his "mixed appeal" on grounds of untimeliness without reaching the merits of his discrimination claim. The district court should of course consider the effect of Downey's alleged failure to follow regulatory procedures.

The judgment of the district court is vacated, and the matter is remanded for further proceedings not inconsistent with this opinion.

### PETITION FOR REHEARING

#### Jan. 26, 1999

Petition for rehearing with respect to opinion filed on November 13, 1998. Petition denied.

Defendant Postmaster General makes three principal arguments in support of his petition for rehearing, each of which we reject.

(1) The Postmaster General argues that our decision conflicts with the decision of the Federal Circuit in *Ballentine v. Merit Systems Protection Board,* 738 F.2d 1244, 1247 (Fed.Cir.1984), and with decisions of other circuits. As is made clear in the panel opinion, we disagree with the *Ballentine* court's interpretation of 5 U.S.C. §§ 7702 and 7703. The decisions of other circuits in *Powell v. Department of Defense,* 158 F.3d 597 (D.C.Cir.1998), *Sloan v. West,* 140 F.3d 1255 (9th Cir.1998), and *Wall v. United States,* 871 F.2d 1540 (10th Cir.1989), *cert. denied,* 493 U.S. 1019 (1990), are distinguishable. Those cases involved MSPB appeals that had been dismissed not for untimeliness but because

they were beyond the substantive scope of MSPB jurisdiction. By definition, such a matter does not involve "an action which the employee or applicant may appeal to the Merit Systems Protection Board," 5 U.S.C. § 7702(a)(2)(A), and is therefore not a "[c]ase[ ] of discrimination subject to the provisions of section 7702," *id.,* § 7703(b)(2). *See, e.g., Sloan v. West,* 140 F.3d at 1261 ("if the MSPB does not have jurisdiction over the non-discrimination claim, then the case is not a 'mixed case' ").

(2) The Postmaster General contends that an MSPB appeal that "is not within the MSPB's procedural time limits in the first instance" does not qualify as a "mixed case" subject to 5 U.S.C. § 7702. We disagree with the analytical premise. Whether a matter is a mixed case depends on the substance of the claims presented, not on the timeliness of their assertion.

(3) The Postmaster General suggests that the decision of the district court should have been affirmed for reasons relating to plaintiff's failure to timely exhaust his administrative remedies. The district court in this case dismissed for lack of jurisdiction. Neither exhaustion nor its timeliness is a matter of jurisdiction but rather is a matter to be raised as an affirmative defense. *See, e.g., Bowden v. United States,* 106 F.3d 433, 437 (D.C.Cir.1997) ("untimely exhaustion of administrative remedies is an affirmative defense"). The Postmaster General remains free to assert such a defense in the district court.

Petition denied.