Juan MORALES, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 470, Docket 94–6038.

United States Court of Appeals,
Second Circuit.

Argued Oct. 14, 1994.

Decided Oct. 24, 1994.

Paul C. Matthews, New York City, for plaintiff-appellant.

Arthur J. Gribbin, U.S. Dept. of Justice, New York City (Frank W. Hunger, Asst. Atty. Gen., Zachary W. Carter, U.S. Atty., E.D.N.Y., Janis G. Schulmeisters, Atty. in Charge Torts Branch, Civ. Div., U.S. Dept. of Justice, on the brief), for defendant-appellee.

Before: OAKES, KEARSE and ALTIMARI, Circuit Judges.

PER CURIAM:

Plaintiff Juan Morales appeals from a judgment of the United States District Court for the Eastern District of New York, I. Leo Glasser, *Judge,* dismissing his complaint filed under the Suits in Admiralty Act, 46 U.S.C. App. § 741–752 (1988) (sometimes the "Act"), for lack of subject matter jurisdiction on the ground that it was not filed in compliance with the Clarification Act, 50 U.S.C. App. § 1291(a) (1988), that, because of this failure, suit had not been properly filed within the applicable two-year limitations period, and hence the United States had not waived its

immunity from suit. We affirm the dismissal substantially for the reasons stated in Judge Glasser's Memorandum and Order dated December 22, 1993, reported at 866 F.Supp. 84.

The United States may be sued only as it has consented to be sued, *see, e.g., United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941); its waivers of sovereign immunity are to be strictly construed. *See, e.g., Library of Congress v. Shaw,* 478 U.S. 310, 314, 318, 106 S.Ct. 2957, 2961, 2963, 92 L.Ed.2d 250 (1986); *Bowen v. City of New York,* 476 U.S. 467, 479, 106 S.Ct. 2022, 2029–30, 90 L.Ed.2d 462 (1986); *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983). A claimant is not entitled to bring suit against the government without first having complied with all statutory and regulatory prerequisites to such a suit. *See, e.g., Wyler v. United States,* 725 F.2d 156, 159 (2d Cir.1983) ("Absent compliance with the [Federal Tort Claims Act] requirements [regarding filing a timely administrative claim] the action is barred by sovereign immunity and the district court had no subject matter jurisdiction.").

The Suits in Admiralty Act provides that a seaman seeking to sue the United States under the Act must bring suit within two years of the occurrence on which the claim is based. 46 U.S.C.App. § 745. The Clarification Act provides that no such suit may be brought unless the claim has first been presented to the United States Maritime Administration ("MARAD") in accordance with applicable regulations and has been administratively disallowed by that agency. 50 U.S.C.App. § 1291(a); 46 C.F.R. § 327.1 (1993). A claimant is entitled to deem his claim administratively disallowed if the claim was submitted in accordance with the pertinent regulations and MARAD has not ruled on the claim within 60 days after its filing. 46 C.F.R. § 327.7.

In the present case, Morales's attorney, some 23 days prior to the expiration of the limitations period, sent MARAD a claim whose contents were not in compliance with the applicable regulations. MARAD responded promptly to this incomplete claim, detailing the "additional information [that] must be provided by you on behalf of your client in order to perfect his administrative claim." (MARAD letter dated April 29, 1993.) This response did not constitute an administrative rejection sufficient to allow a suit under the Act because the claim as filed did not comply with the pertinent regulations. Accordingly, MARAD had not administratively rejected the claim when the present suit was initiated. Because no such rejection was received prior to commencement of the suit, the action is barred under 50 U.S.C.App. § 1291(a). Because there was no such rejection prior to the expiration of the limitations period, Morales's claim became time-barred pursuant to 46 U.S.C.App. § 745.

In sum, the district court properly ruled that since a claim complying with the pertinent regulations had not been filed more than 60 days prior to the expiration of the statute-of-limitations period, and the agency had not ruled on the claim prior to expiration of the limitations period; the United States had not waived its immunity from suit.

Accordingly, the present action was properly dismissed.