**Juvondi R. PENDER, Plaintiff,**

v.

**THE UNITED STATES,
et al., Defendants.**

**No. 97 Civ. 6917(LAK).**

United States District Court,
S.D. New York.

Sept. 17, 1999.

Juvondi R. Pender, Plaintiff, pro se.

## MEMORANDUM OPINION

KAPLAN, District Judge.

On September 17, 1997, Chief Judge Griesa dismissed the *pro se* complaint in this action, which alleges various misconduct by employees of the Veterans Administration ("VA"), to the extent it alleged a claim under the Federal Tort Claims Act ("FTCA") on the ground that it failed to allege that plaintiff had filed an administrative claim and that the administrative claim had been denied. Plaintiff's amended complaint, filed November 20, 1997, suffered from the same deficiency.

Plaintiff now has filed a second amended complaint (docket item no. 19), confusingly entitled "Complaint Third," which still fails to allege the requisite making and denial of an administrative claim. In a report and recommendation dated August 26, 1999, Magistrate Judge Pitman has recommended dismissal of the second amended complaint, to the extent that it asserts an FTCA claim, for that reason. Plaintiff objects in an unsworn document, the essence of which is that the VA did not post or otherwise inform him of the proper procedures for making a claim, that he sought unsuccessfully to make an incident report about the events complained of to the VA hospital at which it allegedly occurred, that he made some sort of complaint or inquiry "to the Altanta GA P.O. Box740026., U.S. CT CVB SA" [*sic*] without response, and that VA employees failed to inform plaintiff that they had not made a claim on his behalf.

The FTCA confers jurisdiction on the district courts to hear certain tort claims against the United States "[s]ubject to the provisions of chapter 171" of the Judicial Code. 28 U.S.C. § 1346(b)(1). Section 2675 of the Code precludes institution of any such action, however, "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing. . . ." 28 U.S.C. § 2675(a).

■ Here, there is no showing that any such claim was submitted, much less to the appropriate federal agency, let alone denied. A communication constitutes a "claim" for these purposes only if it contains, among other things, "a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. . . ." 28 C.F.R. § 14.2. The second amended complaint does not suggest that the attempted incident report, even assuming that it ever was reduced to writing, or the communication allegedly sent "to the Altanta GA P.O. Box740026., U.S. CT CVB SA" satisfied this requirement. And the requirement is not a meaningless form. Its obvious objective is to put the government on clear notice that the communicator seeks money from the government in order to enable it to investigate and, where appropriate, pay or compromise claims without engaging in unnecessary litigation.

■ Nor is there any legal basis for excusing the making of such a claim on the basis that the VA allegedly failed to post or otherwise inform plaintiff of the procedure for doing so. The administrative prerequisites to filing a lawsuit under the FTCA "are jurisdictional in nature and may not be waived." *Sprecher v. Graber*, 716 F.2d 968, 973 (2d Cir.1983). In consequence, even if the VA had some obligation to post or advise plaintiff of the requisite procedures—and there is no basis for supposing that it did—its failure to follow those procedures could not confer jurisdiction on this Court given the lack of the Congressionally mandated administrative claim by the plaintiff.

Accordingly, the report and recommendation is adopted. The second amended complaint, insofar as it purports to assert a claim based on the FTCA, is dismissed for lack of subject matter jurisdiction.

SO ORDERED.