**Stanford LONG, Plaintiff,**

**v.**

**Linda LAFKO, Defendants.**

**No. 02 Civ. 1705(VM).**

United States District Court,
S.D. New York.

April 1, 2003.

Stanford Long, Cape Vincent, NY, pro se.

1. The Decision and Order is reported as *Long v. Lafko,* No. 00 Civ. 723, 2001 WL 863422 (S.D.N.Y. July 31, 2001) (*"Long I"* ).

### DECISION AND AMENDED ORDER

MARRERO, District Judge.

Plaintiff Stanford Long ("Long") brought this action against defendants Nurse Linda Lafko ("Lafko") and Nurse Patricia Pinckney ("Pinckney" and together with Lafko, "Defendants"), both employees of the New York State Department of Correction Services ("DOCS"), alleging deprivations of his constitutional rights, in particular a violation of the Eighth Amendment of the United States Constitution.

By Decision and Order dated July 31, 2001,[1] which sets forth the pertinent facts underlying the action at hand, this Court granted defendants' motion to dismiss by reason of Long's failure to exhaust available administrative remedies. In that connection, Long had filed a previous action in this Court before completing the DOCS's grievance procedure by appealing to the DOCS Central Office Review Committee ("CORC") the superintendent's January 29, 1999 ruling rejecting Long's complaint. However, the Court granted leave for Long to refile his complaint either if he exhausted his administrative remedies or CORC had not issued a decision by October 19, 2001. CORC subsequently declined to consider Long's grievance, on the ground that he had failed to file a timely appeal of the superintendent's January 29, 1999 decision.

Defendants again move to dismiss pursuant to Fed. R. Civ 12(b)(6) on the grounds that: (1) the complaint fails to state a claim; (2) Defendants have qualified immunity; and (3) Long failed to exhaust available administrative remedies. By Decision and Order dated March 28, 2003, the Court dismissed the complaint in

this action and indicated that its findings, reasoning and conclusions would be set forth in a separate Decision and Order. Accordingly, for the reasons described below Defendants' motion is GRANTED.

## DISCUSSION

### A. STANDARD OF REVIEW

Dismissal of a complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Harris v. City of New York,* 186 F.3d 243, 247 (2d Cir.1999). In considering such a motion, a court accepts all well-pleaded factual assertions in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). Because Long is acting *pro se,* the Court must "read the pleadings [ ] liberally and interpret them to 'raise the strongest arguments that they suggest.'" *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (citing *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)); *see also Soto v. Walker,* 44 F.3d 169, 173 (2d Cir.1995). Moreover, in deciding a motion to dismiss involving a claim of a *pro se* plaintiff, the court may look beyond the complaint to the plaintiff's opposition papers. *See Burgess v. Goord,* No. 98 Civ.2077, 1999 WL 33458, at *1 n. 1 (S.D.N.Y. Jan. 26, 1999). Otherwise, the court may not consider matters outside the pleadings, *see Tewksbury v. Ottaway Newspapers,* 192 F.3d 322, 325 n. 1 (2d Cir.1999), but may review documents integral to the complaint of which the plaintiff had notice or relied upon in drafting his pleadings, as well as "any written instrument attached to [the complaint] as an exhibit...." *Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir.2000) (citation omitted); *see also Schnall v. Marine Midland Bank,* 225 F.3d 263, 266 (2d Cir.

2000). *Pro Se* status by itself, however, does not exempt a litigant from compliance with relevant procedural rules or relieve him from the application of governing substantive law. *See Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983).

### B. DELIBERATE INDIFFERENCE

██ Long's claims stem from allegedly improper medical treatment he received at the DOCS's Downstate Medical Facility on December 13, 1998 that he asserts caused him permanent eye injury. Long charges that Lafko administered a wrong medication to his eye before checking its content, and that, rather than obtaining proper medical attention when he complained of pain and injury to his eye, she and Pinckney sent him to his cell. He alleges that instead of then seeking immediate medical assistance, Pinckney attempted to cover up the incident by falsely representing the facts to the eye doctor when she subsequently reported the occurrence. Under Long's theory, these actions constituted deliberate indifference to a substantial risk of serious harm to him.

██ To establish a violation of the Eighth Amendment in respect of his medical treatment in this case, Long must demonstrate that, subjectively, Defendants acted with deliberate indifference to an objectively substantial risk of serious harm to him. *See Farmer v. Brennan,* 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Hathaway v. Coughlin,* 99 F.3d 550, 553 (2d Cir.1996). Deliberate indifference entails conduct more severe than mere negligence or medical malpractice; it implicates acts equivalent to reckless, conscious or callous disregard for the risk of the serious harm presented. *See Farmer,* 511 U.S. at 835, 114 S.Ct. 1970; *Estelle v. Gamble,* 429 U.S. 97, 105–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). This standard demands that the defendant not only must

be aware of facts from which an inference of substantial risk of harm may be reasonably drawn, but that he also drew that inference in proceeding with the conduct that posed the serious risk of injury in question. *See Farmer,* 511 U.S. at 837, 114 S.Ct. 1970; *Cuoco v. Moritsugu,* 222 F.3d 99, 107 (2d Cir.2000). "This principle may cover a delay in treatment based on a bad diagnosis or erroneous calculus of risks and costs, or a mistaken decision not to treat based on an erroneous view that the condition is benign or trivial or hopeless, or that the treatment is unreliable, or that the cure is as risky or painful or bad as the malady." *Harrison v. Barkley,* 219 F.3d 132, 139 (2d Cir.2000).

Here, nothing in Long's pleading indicates that Lafko's conduct in applying the wrong drops to Long's eye satisfies this standard. In fact, Long himself characterizes Lafko's conduct as merely negligent or unprofessional in failing to check the medication before administering it. Long pleads no other facts directly implicating Lafko in any other conduct that crosses the rigorous deliberate indifference threshold described above. Accordingly, the Court concludes that the complaint against Lafko must be dismissed on this basis.

■ The allegations against Pinckney suggest somewhat more aggravated conduct. However, the Court need not address the issue of whether Pinckney's acts rise to the level of deliberate indifference, or whether she is entitled to invoke qualified immunity, because the Court concludes that Long did not exhaust available administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C.1997e(a) and that his claim is now barred by applicable DOCS regulations. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under ... Federal law, by a prisoner ... until such administrative remedies as are available are ex-

hausted." 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that the PRLA's exhaustion provision is a prerequisite to all federal lawsuits by inmates concerning prison conditions); *Neal v. Goord,* 267 F.3d 116, 122 (2d Cir.2001) ("[G]rievances must now be fully pursued *prior* to filing a complaint in federal court.") (emphasis added); *see also Booth v. Churner,* 532 U.S. 731, 733–34, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Pursuant to 7 NYCRR § 701.7(b)(5) the DOCS facility superintendent is required to render a decision on an inmate's appeal of an Inmate Grievance Review Committee's determination within ten working days of an inmate's appeal to the superintendent. If the superintendent has not ruled within that time, under 7 NYCRR § 701.8 the inmate is entitled to proceed to the next step in the process, an appeal directly to CORC. Long's grievance was filed with the superintendent on January 26, 1999 and rejected on January 29, 1999. Thus, as of approximately February 10, 1999 Long was permitted to pursue an appeal to CORC. It is undisputed that he did not do so until after his earlier complaint was dismissed in *Long I* on July 31, 2001.

Here, Long failed to obtain CORC review of his grievance prior to filing his original complaint in this action. The Court's Decision permitted Long to refile if he exhausted his available remedies or if CORC failed to rule on his appeal by October 19, 2001. However, CORC did rule on October 10, 2001 that it could not respond further to Long's grievance because he did not file a timely appeal. Long's failure to timely commence a requisite step in DOCS's inmate grievance procedure would run afoul of the PLRA's exhaustion standard and would constitute sufficient ground to dismiss his complaint.

*See Indelicato v. Suarez,* 207 F.Supp.2d 216, 219 n. 2 (S.D.N.Y.2002).

■ Long contends that he did not receive the superintendent's decision because he was away from the facility for approximately one month at the time it was issued on January 29, 1999. But being moved from one facility to another is not an uncommon aspect of prison life. This circumstance does not by itself automatically toll applicable regulatory filing deadlines, nor relieve the inmate of his obligation to keep informed of the status of any administrative proceeding he may have pending prior to transfer and to make diligent efforts to protect and preserve his rights from the new location to which he is moved or from the original facility promptly upon his return there. "An inmate may defeat a motion to dismiss even if he has not technically exhausted his administrative remedies when he has made a 'reasonable attempt' to do so, 'especially where it is alleged that corrections officers failed to file the inmate's grievances or otherwise impeded or prevented his effort.'" *Id.* at 219 (quoting *O'Connor v. Featherston,* No. 01 Civ. 3251, 2002 WL 818085, at *2 (S.D.N.Y. Apr.29, 2002)).

Long does not explain why he took no action from February 1999 until after this Court's Decision in July of 2001 to pursue the CORC appeal. Nor does he plead any facts to suggest that DOCS officials in any way impeded or interfered with his efforts to file an appeal. In fact, his response to Defendants' motion does not address this point at all. This administrative remedy is now time-barred under the NYCRR § 701(c)(1). *See Neal,* 267 F.3d at 122 ("Subsequent exhaustion after suit is filed therefore is insufficient."); *see also Waters v. Schneider,* No. 01 Civ. 5217, 2002 WL 727025, at *2 (S.D.N.Y. Apr.23, 2002); *Saunders v. Goord,* No. 98 Civ. 5057, 2002 WL 31159109, at * 3 (S.D.N.Y. Sept.27, 2002). Accordingly, the Court dismisses

Long's complaint with prejudice. *See Indelicato,* 207 F.Supp.2d at 220.

## II. *ORDER*

For the reasons described above, it is hereby

**ORDERED** that the Court's Decision and Order dated March 28, 2003 is amended to incorporate the discussion set forth above; and it is finally

**ORDERED** that defendants' motion to dismiss the complaint herein with prejudice is GRANTED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**