**Alexander RAMBARRAT, an infant under the age of 18 by his mother and legal guardian Karen RAMBARRAT, and Karen Rambarrat individually, Plaintiffs,**

v.

**UNITED STATES of America and Pio Franquelli, Defendants.**

**No. 04 CIV. 6115CMLMS.**

United States District Court, S.D. New York.

Dec. 3, 2004.

Nader J. Sayegh, The Law Offices of Nader J. Sayegh, Yonkers, NY, for Plaintiff.

**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT AGAINST PIO FRANQUELLI AND GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT OF KAREN RAMBARRAT, INDIVIDUALLY, WITHOUT PREJUDICE**

MCMAHON, District Judge.

Plaintiff, Karen Rambarrat on behalf of her infant son, Alexander Rambarrat, and on behalf of herself individually, commenced this action under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 ("FTCA"), alleging negligence by the United States Postal Service ("USPS") and its employee, Pio Franquelli, in connection with a September 29, 2001 motor vehicle accident. Defendants now move to dismiss plaintiffs' claim against Pio Fanquelli for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), and to dismiss Karen Rambarrat's complaint in its entirety for lack of subject matter jurisdiction pursuant to Fed. R Civ. P. 12(b)(1). For the following reasons, defendants' motion is granted.

## I. Legal Standards

### A. Subject Matter Jurisdiction 12(b)(1)

In assessing a motion to dismiss for lack of subject matter jurisdiction, a court must "accept as true all material factual allegations in the complaint," *Shipping Fin. Serv. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)), but refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." *Id.* (citing *Norton v. Larney*, 266 U.S. 511, 515, 45 S.Ct. 145, 69 L.Ed. 413 (1925)). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." *Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir.2000).

On a motion to dismiss pursuant to Rule 12(b)(1), plaintiff carries the burden of establishing that subject matter jurisdiction exists over the complaint. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996); *In re Joint E. & So. Dist. Asbestos Litig.*, 14 F.3d 726, 730 (2d Cir.1993); *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir.1983).

### B. Sovereign Immunity

█ It is "'axiomatic' under the principle of sovereign immunity 'that the Unit-

ed States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir.2004) (quoting *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)). Congress can waive the Government's sovereign immunity through unequivocal statutory language, and may impose conditions on such a waiver. *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); *United States v. Mottaz*, 476 U.S. 834, 841, 106 S.Ct. 2224, 90 L.Ed.2d 841 (1986). Waivers of sovereign immunity and their conditions—whether substantive, procedural or temporal—are to be strictly applied. *Library of Congress v. Shaw*, 478 U.S. 310, 314, 318–21, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); *Millares v. United States*, 137 F.3d 715, 719 (2d Cir.1998). If the Government has not waived its sovereign immunity, or if the conditions under which the Government has agreed to waive that immunity have not been met, federal subject matter jurisdiction does not exist. *See United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Williams v. United States*, 947 F.2d 37, 39 (2d Cir.1991), *cert. denied*, 504 U.S. 942, 112 S.Ct. 2277, 119 L.Ed.2d 203 (1992). *See also Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 474–75, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (sovereign immunity raises a jurisdictional bar to suit). Thus, a claimant may not sue the Government without complying with all statutory and regulatory prerequisites. *See Morales v. United States*, 38 F.3d 659, 660 (2d Cir.1994); *Wyler v. United States*, 725 F.2d 156, 159 (2d Cir.1983).

## II. Motion to Dismiss Against Pio Franquelli Is Granted

The FTCA waives sovereign immunity for "claims against the United States, for money damages ... for personal injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA provides that a suit "against the United States" is the exclusive remedy in any such action. 28 U.S.C. § 2679(b)(1).

■ Pio Franquelli is a USPS employee who was acting within the scope of his employment at the time of the incident alleged in the complaint. *See* Certification of David N. Kelley, the United States Attorney for the Southern District of New York, dated November 17, 2004. Section 2679(b)(1) provides Government agencies and employees with absolute immunity against common-law tort claims by requiring that the United States be substituted as a defendant in their stead. *See Rivera v. United States*, 928 F.2d 592, 608 (2d Cir.1991) (citing 28 U.S.C. § 2679(b)(1)); *see also Myers & Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2d Cir.1975) (under FTCA, suit lies only against United States, not "federal agencies" or their employees).

Therefore, the complaint as against Pio Franquelli is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See, e.g., Marshall v. Nat'l Ass'n of Letter Carriers Br. 36*, Nos. 00 Civ. 3167(LTS), 01 Civ. 3086(LTS), 2003 WL 223563, at * 6 (S.D.N.Y. Feb. 3, 2003) (dismissing tort claims against USPS employees in their official capacity for lack of subject matter jurisdiction); *Hightower v.*

*United States*, 205 F.Supp.2d 146, 153–54 (S.D.N.Y.2002) · (dismissing tort claims against federal employees because they were absolutely immune from suit under FTCA).

## III. Motion to Dismiss Complaint Without Prejudice Granted To The Extent It Seeks Relief On Behalf of Karen Rambarrat, Individually

■ The FTCA requires that before a claimant may initiate an action against the United States, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied." 28 U.S.C. § 2675(a); *see also Robinson v. Overseas*, 21 F.3d 502 (2d Cir.1994) (affirming district court dismissal of tort claim where claimant failed to first present claim to the appropriate administrative agency). The requirement that an administrative claim be filed and finally denied "is jurisdictional and cannot be waived." *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983) (requiring strict adherence to the FTCA's procedures); *see also McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (FTCA suits are jurisdictionally barred absent exhaustion of administrative remedies).

■ The complaint does not allege that an administrative claim was filed with respect to Ms. Rambarrat's claim.

> The burden is on plaintiff to both plead and prove compliance with the statutory requirements. In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim.

*In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir.1987) (citations omitted); *see also Altman v. Connally*, 456 F.2d 1114, 1115 (2d Cir.1972) (*per curiam*) (tort claim against United States was deficient because complaint "failed to allege the presentation of the claim to the appropriate federal agency and a final disposition of the ·claim by that agency, as required by 28 U.S.C. § 2675"); *Pender v. United States*, 63 F.Supp.2d 473, 474 (S.D.N.Y.1999) (dismissing complaint for failure to allege administrative exhaustion).

Ms. Rambarrat cannot plead compliance with the statutory requirements of the FTCA because she never filed an administrative claim with the appropriate federal agency. *See* Declaration of Stuart James dated November 17, 2004 ("James Decl.") at ¶ 2.[1] Because Ms. Rambarrat failed to exhaust her administrative remedies under the FTCA, to the extent that the complaint seeks relief on behalf of Karen ·Rambarrat, individually, the Government's motion to dismiss is granted without prejudice.[2]

1. The declaration states that, "no administrative or tort claim, or any submission purporting to be such a claim, has been filed with the USPS 'by plaintiff Karen Rambarrat, or anyone acting on her behalf, in connection with the claim she asserts in the complaint." James further declared that, "The only administrative claim in the USPS's computer system containing Karen Rambarrat's name is the administrative claim filed on behalf of Alexander Rambarrat, a minor, in which [she] is listed as [his] mother."

2. This jurisdictional defect cannot be remedied by merely filing an administrative claim during the pendency of this action. In *McNeil v. United States*, the Supreme Court held that when plaintiff's action was brought before plaintiff had exhausted his administrative remedies, including the requirement of a final agency decision or agency inaction for at least six months after submission of the administrative claim, plaintiff cannot proceed unless he brings . a new action within six months after the administrative denial of his claim. 508 U.S. 106, 109–13, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *see also Hines v. City*

This constitutes the decision and order of the Court.

of New York, No. 94 Civ. 5109(JSM), 1996 WL 706877, at *1 (S.D.N.Y. Dec.9, 1996) ("plaintiff cannot rely on an amended complaint when the original complaint ... was prema-ture ... plaintiff cannot proceed unless he brings a new action within six months after the administrative denial of his claim").